UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT LACONDEGUY,<br><br>    Plaintiff,<br><br> v.<br><br>VENKATARAMANA ADAPA, M.D.;<br>JAGDISH AMBALAL PATEL, M.D.;<br>individually and dba TRACY<br>OCCUPATIONAL MEDICAL CENTER; IAN<br>THOMAS PULLIAM, D.O.; FIRST<br>ADVANTAGE CORPORATION, a<br>Delaware Corporation; JOHN<br>BURLESON WOMACK, M.D., YRC,<br>INC., a Delaware Corporation;<br>and DOES 1 through 51,<br>inclusive,<br><br>    Defendants. | Case No. 2:10-CV-1917-JAM-KJM<br><br>ORDER GRANTING DEFENDANT FIRST ADVANTAGE CORPORATIONS'S MOTION TO DISMISS/MOTION FOR JUDGMENT ON THE PLEADINGS |

  This matter comes before the Court on Defendant First Advantage Corporation's ("Defendant's") Motion to Dismiss (Doc. 9), Plaintiff Albert Lacondeguy's ("Plaintiff's") Complaint (Doc. 1), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Plaintiff opposes the motion (Doc. 10).  This motion was set for hearing on September 15, 2010 and ordered

1

submitted on the briefs.[1]  For the reasons set forth below, Defendant's motion is granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This matter was originally filed in the Superior Court of San Joaquin County, and was removed (Doc. 1) to this Court by defendant YRC Inc. (not a party to this motion), based on federal question jurisdiction.  Plaintiff's Complaint is based on alleged violations of federal drug testing regulations, and Plaintiff was a union member whose suit against employer YRC, Inc. falls under the Labor Management Relations Act, 29 U.S.C. §§ 141-195.  Though YRC, Inc. has since been dismissed from the lawsuit (Doc. 10, ex. 1), this Court continues to have jurisdiction due to the alleged violation of federal drug testing regulations.

Plaintiff's Complaint alleges that he was a truck driver and member of the International Brotherhood of Teamsters.  The Complaint alleges that on or about August 14, 2009, Plaintiff was required to submit to a random drug test pursuant to federal regulations, which required him to produce a urine sample.  The drug test was performed at Tracy Occupational Medical Center (not a party to this motion).  Plaintiff alleges he was unable to produce a urine sample, and was thus referred for a physical evaluation by a doctor.  Plaintiff alleges that the examining doctors (not parties to this motion) failed to diagnose a pre-existing condition that prevented him from producing a urine sample.  The evaluation was then sent for review to a medical review officer ("MRO"), Dr.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L. R. 230(g).

Womack. The Complaint further alleges that Dr. Womack erroneously verified the results as "positive" the same day as he received the results, and failed to contact Plaintiff. Plaintiff alleges that these actions violated the Code of Federal Regulations and its provisions governing drug testing and medical review. Plaintiff was terminated from his employment in August 2009 following the drug test. Defendant employed Dr. Womack and provided YRC, Inc. with the medical review services that are required for federally mandated drug testing.

The Complaint brings state law claims for relief for negligence of the examining doctors, negligence of the medical review officer, and fraud and interference with contract. The two claims brought against Defendant are the claim for negligence of the medical review officer, and the claim for fraud and interference with contract. Defendant argues that both claims should be dismissed.[2]

## II.  OPINION

### A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure section 12(b)(6).

Defendant's motion to dismiss states in a footnote that it already filed an Answer to the Complaint, therefore its motion to

---

[2] Defendant argues for dismissal on its own behalf, and states that while Dr. Womack has not yet been served, the same arguments would apply to his dismissal from the suit. As Dr. Womack is not a party to the present motion, the Court will not opine on the sufficiency of the allegations against him, nor does the Court's order on this matter apply to Dr. Womack.

dismiss should be considered a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). See Aldabe v. Aldabe, 616 F.2d 1089, 1115 (9th Cir. 1980). The Answer was presumably filed in the Superior Court, as it is not before the Court. However, a motion for judgment on the pleadings is equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted and the standard of review is the same. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). Thus, the Court's analysis is the same for a 12(b)(6) motion and 12(c) motion, irrespective of the previously filed Answer.

In deciding a motion for judgment on the pleadings the court must accept all the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. Id. However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Sun Savings and Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987).

> In addition to considering the allegations of the complaint, like a motion under Rule 12(b)(6), the court may also take into account materials to which it can take judicial notice. A Rule 12(c) motion for judgment on the pleadings may consequently be granted if, after assessing both the complaint, plus matters for which judicial notice is proper, it appears beyond doubt that the non-moving party cannot prove any facts that would support his claim for relief.

Morgan v. County of Yolo, 436 F.Supp.2d 1152, 1155 (E.D. Cal. 2006) (internal citations omitted).

B. <u>Claims for Relief</u>

1. <u>Negligence</u>

Plaintiff's claim for negligence alleges that Dr. Womack, the doctor who reviewed Plaintiff's medical evaluation, acted negligently in his review and in reporting the evaluation results to Plaintiff's employer. Plaintiff alleges that Dr. Womack was required under federal drug laws to contact Plaintiff before verifying the evaluation results, and if unable to contact Plaintiff, wait ten days before verifying the evaluation results as a positive drug test. Instead, Plaintiff alleges that Dr. Womack verified the results as positive on the same day he received the evaluation, and failed to contact Plaintiff. Plaintiff further alleges that Dr. Womack refused to consider evidence that Plaintiff sent him, which Plaintiff alleges showed Plaintiff suffered from a long term inability to urinate. Plaintiff alleges violation of both statutory duties and common law duties of care, and alleges that Dr. Womack's negligence was the legal and proximate cause of Plaintiff's termination from his employment.

Though the claim does not mention Defendant, Defendant was Dr. Womack's employer. Defendant argues that it and Dr. Womack followed federal drug test procedure that an MRO is required to follow, and Plaintiff is attempting to add additional duties that are not contained in the drug testing regulations.

When an employee is unable to produce an adequate sample, the "shy bladder" regulation, 49 C.F.R. § 40.193 applies. <u>See</u> 49 C.F.R. § 40.193; <u>Melman v. Metropolitan Government of Nashville</u>, 2010 WL 3063805, *7 (M.D. Tenn. Aug. 3, 2010). Upon notice of an employee's inability to produce an adequate sample, an employer

must direct its employee to obtain an evaluation from a licensed physician with expertise in the medical issues raised by the employee's failure to provide a sufficient specimen.  49 C.F.R. § 40.193(c).  The physician evaluating the employee must recommend the MRO determine either that a medical condition has, or with a high degree of probability could have, precluded the employee from providing a sufficient amount of urine, or that there is no adequate basis for determining that a medical condition has, or with a high degree of probability could have, precluded the employee from providing a sufficient amount of urine. 49 C.F.R. § 40.193(d).  The MRO must seriously consider and assess the physician's recommendation before determining whether the medical condition satisfies section 40.193(e).  If the MRO accepts the medical condition as valid, the test is cancelled.  If the MRO rejects the physician's recommendation that a medical condition exists, or if the physician finds no medical condition, the MRO reports the result as a refusal to test.  49 C.F.R. § 40.193(d)(2)(i).

When the employee has provided a sufficient sample to test, and a laboratory confirmed test result indicates a substituted or adulterated test, the MRO is required to interview the employee prior to verifying the test as positive or cancelling it as invalid, except in specific situations where the employee refuses the opportunity to interview or is unreachable despite documented efforts to contact the employee over a period of time.  49 C.F.R. § 40.133.

Here, Plaintiff was unable to produce a urine sample, thus there was no laboratory confirmed test result for Defendant to

review and interview Plaintiff about, pursuant to sections 40.129 and 40.133.  Instead, Plaintiff was given a physical examination that was reviewed pursuant to section 40.193.

Without citation to any authority, Plaintiff's opposition brief argues that the Court should interpret section 40.193 as including the same employee interview requirement as sections 40.129 and 40.133.  Plaintiff argues that failure to interview him constituted negligence on the part of Defendant.  Plaintiff also raises a new argument in his opposition brief that due process requires he receive the same procedural rights as other employees.  The Court will not consider this new argument, as it was not raised in the Complaint.  Moreover, as Defendant argues, the allegations of the Complaint confirm that Defendant and Dr. Womack followed the procedures set forth in 49 C.F.R. § 40.193 for dealing with an insufficient sample in a "shy bladder" situation.  Plaintiff is urging an interpretation that goes beyond the plain language of the C.F.R. and adds a new interview requirement and requirement to take into account extra materials sent in by an employee, when reviewing "shy bladder" physical evaluation.  Neither the C.F.R. provision governing shy bladders, nor the C.F.R. provision requiring an interview when a laboratory test result is positive, adulterated or substituted, is ambiguous.  Accordingly, the Court does not find that section 40.193 requires the MRO to interview Plaintiff or to consider extra materials sent in by Plaintiff.

However, Plaintiff has alleged the Dr. Womack certified the test results as "positive."  Plaintiff reiterates this allegation in his opposition.  Defendant in its motion to dismiss admits that "under federal drug testing regulation, however, a failure to

7

provide a urine specimen that is not due to a medical condition is a 'refusal to test,' not a 'positive.'" Motion to Dismiss, FN 4 (citing 49 C.F.R. § 40.193(d)(2)(i). The Court must take the allegations of the Complaint as true. Thus, if Dr. Womack did certify the test results as "positive," rather than, "refusal to test," this may constitute a violation of the C.F.R. and serve as grounds to maintain the negligence claim against Defendant. Plaintiff's Opposition to Defendant's motion appears to be based primarily on Dr. Womack not interviewing Plaintiff and not considering the additional materials sent in by Plaintiff. Neither of these allegations supports a finding that Defendant negligently violated federal regulations, and the Court will not allow amendment to further pursue these theories against Defendant. However, the Court will allow leave to amend the Complaint to the extent that Plaintiff wishes to pursue a negligence claim based on the certification of test results as "positive" rather than "refusal to test."

Additionally, to the extent that the Complaint attempted to hold Defendant responsible for common law negligence, this claim fails. The Complaint includes only one conclusory allegation that Defendant owed a duty of care to Plaintiff, unsupported by factual allegations. Furthermore, Plaintiff did not address or oppose Defendant's arguments for dismissal of the common law negligence allegations. Accordingly, the Court grants judgment on the pleadings in Defendant's favor with respect to the common law negligence claim and the statutory negligence claim. Plaintiff is granted leave to amend the statutory negligence claim.

### 2. Fraud/Conspiracy/Interference with Contract

Plaintiff's second claim against Defendant alleged civil conspiracy to cause wrongful termination through fraud and/or interference with contract.  Defendant moved for dismissal on the grounds that Plaintiff failed to raise sufficient allegations to state a claim.  Plaintiff's Opposition brief did not address Defendant's motion to dismiss this claim, and did not oppose its dismissal.  Accordingly, this claim is dismissed, with prejudice.

## III. ORDER

Defendant's Motion to Dismiss (converted to a Motion for Judgment on the Pleadings) is GRANTED.

1. The claim captioned "Negligence of Medical Review Officer" is dismissed, with leave to amend the statutory negligence component consistent with the Court's order as discussed above.

2. The common law negligence component of the above claim is dismissed with prejudice.

3. The claim captioned "Fraud & Interference With Contract" is dismissed with prejudice.

If Plaintiff wishes to file an amended complaint against Defendant, he must do so within twenty (20) days of the date of this Order.

IT IS SO ORDERED.

Dated: December 31, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE